ORRA P. SIMMONDS *vs.* THE NEW YORK AND NEW ENGLAND RAILROAD COMPANY.

By the act of 1881 (Session Laws 1881, ch. 92,) railroad companies are made liable for damage done to property along their roads by fire communicated from their locomotives, where there is no contributory negligence on the part of the owner. A fire caught from the sparks of a locomotive on the land of *D*. The track-foreman and his men came upon the ground and were putting out the fire, which they could easily have done, when *D* requested them to let it burn, as he wished to burn up the bogs. They accordingly left it burning. The fire however penetrated to some peat beneath the surface and thus extended to the adjoining land of *S* and did damage there. Held that the railroad company was liable to *S* for this damage.

*S* could not be affected by any arrangement between the agent of the railroad company and *D* to which he did not give his assent.

The intervention of *D* in the matter was not the intervention of an independent power operating to produce the result. He merely requested the track-foreman to leave the fire burning, and the latter voluntarily left it so.

In making railroad corporations insurers against the consequences of fire thus communicated, the law implies the right and duty on their part to put it out when communicated. How they would be affected by a prohibition from the owner to enter upon the land for the purpose: *Quære.*

[Argued October 7th—decided November 9th, 1884.]

ACTION for damage to the plaintiff's land by fire communicated by the locomotive engine of the defendants, a railroad company; brought by appeal from the judgment of a justice of the peace, to the Court of Common Pleas of Hartford County, and tried to the court, before *Calhoun, J.*

The statute on which the action is founded is given in full in the opinion of the court. The following facts were found by the court:

On the 4th day of September, 1883, a locomotive engine of the defendant corporation communicated fire to the land of Frederick M. Davis, lying adjacent to the railroad of the defendant in the town of Enfield. The plaintiff owned land adjoining and easterly of the land of Davis. The fire thus communicated spread across the land of Davis by its own volition and by the operation of natural causes, and reached the land of the plaintiff, where it burned for several days, consuming some of the soil itself, which was peaty, standing wood, and fences. The plaintiff was guilty of no contributory negligence, and gave proper written notice of his claim to the defendant within twenty days after the fire.

On the trial of the case the only claim of law made by the defendant was that Davis and not the defendant was the direct cause of the fire on the plaintiff's land, and that the judgment should be for nominal damages only.

With respect to this claim the following are the facts:—
While the fire was burning on the land of Davis only, Thomas Sexton, a track-foreman of the defendant, went with men and commenced to extinguish the fire, which at that time could have been easily accomplished, the fire burning on the surface of the land only. Some bogs were then on fire near the railroad fence. While Sexton and his

men were thus at work, Davis came there and remarked to Sexton that he preferred that the bogs should burn, if the fire was subdued elsewhere so that it could not spread. Sexton then left with his men, leaving some of the bogs burning. The rest of the fire was apparently extinguished.

The court finds that Sexton and his men were not prevented by Davis from extinguishing the fire in the bogs, and that neither they nor Davis supposed the burning of the bogs would do injury. The land of Davis was also of a peaty nature and very dry, and in some way unknown and unseen the fire worked down into the peat, and thus becoming beyond control, spread through the land of Davis on to the plaintiff's land. The bogs were green and now remain unconsumed.

The court overruled the claim of the defendant, and rendered judgment for the plaintiff. The defendant appealed.

*E. D. Robbins*, for the appellant.

1. A fire was communicated by a locomotive engine of the defendant to the land of one Davis not a party to this cause. The track-foreman with his men arrived, as is specifically found, in time to "easily extinguish" the fire, were proceeding to do so, and had already extinguished it everywhere except near the railroad fence where some bogs were burning. At this moment Davis, the owner of the land, who was present, wishing to get rid of the bogs, interfered and told the men that he preferred that they should let these bogs burn, if they subdued the fire elsewhere so that it could not spread. Farmers often, and with the sanction of law, clear such land by burning, and the owner of this land plainly had a right to adopt this fire for that purpose, and might reasonably do so. 1 Thompson on Negligence, 149. The fire was burning only lightly on the surface of the ground, and wherever it was burning was therefore plainly to be seen. But the rest of the fire except in the bogs was apparently extinguished. If the sectionmen had thrashed out the fire in the bogs as they had else-

where, and as they had been about to do here, this would have been an end of the fire. They recognized however at once and without churlishness the rights of Davis over his own land and obeyed his instructions to let the bogs burn. Were they legally required to wait before doing so until they were forcibly prevented by Davis from extinguishing the bogs? After Davis saw the section-men come away in consequence of his instructions and when he had thus made the fire his own, it became his duty to see that it did not do damage to others. If, through his want of watchfulness, the fire, spreading around the roots of the bogs, made its way down into and through the dry peat and on to the land of another, he and no one else was unconditionally responsible for these consequences. Gen. Statutes, p. 489, sec. 6.

2. On any view of this matter the defendant's engine was not in any legal sense the substantial cause of the fire on the plaintiff's land. There is a metaphysical sense of the word "cause" in which an indefinite number of antecedents may be treated as causes of a given event. But this is not the meaning of causation in the language of common sense or of law. *Proxima causa, sed non remota, spectatur.* It may be an interesting speculation to trace back indefinitely a chain of causation, but for all judicial purposes the tracing of such a chain stops with the interposition, as a substantial link in that chain, of the independent volition of a responsible third person. Wharton on Negligence, §§ 136–147; *Carter* v. *Towne*, 103 Mass., 507; *Bartlett* v. *Boston Gas Light Co.*, 117 id., 533, 538; *Lannen* v. *Albany Gas Light Co.*, 44 N. York, 459; *Cuff* v. *Newark & New York R. R. Co.*, 35 N. Jer., 17, 32; *Toledo, &c., R. R. Co.* v. *Muthersbaugh*, 71 Ill., 572. The immediate cause of the fire on the plaintiff's land was the burning of fire in and through the peat on Davis's land. Why did fire burn in and through this peat? Solely because Davis desired and determined to burn off his bogs. No other cause in operation, as the finding plainly shows, would have produced this result or was then tending to produce it. Without this the

fire, which was burning only on the surface of the ground, could have been and was about to be completely extinguished. Previous circumstances and events such as suggested to Davis the idea of burning off his bogs were not a direct or proximate cause of the results of his determination to do so, or in any legal sense their cause at all. If it is held that there is no general formula which will satisfactorily cover all cases of this sort and that the present case must be decided by itself on its own merits, it would then seem fair to say that it would be inconsistent with the habits of thought of practical life to take a circumstance which operated beyond the moment only by suggesting to Davis the burning away of his bogs, and to treat this circumstance as constituting that substantial cause of the subsequent fire on the land of the plaintiff to which the effects thereof are legally chargeable.

*J. P. Andrews*, for the appellee.

LOOMIS, J. A fire was communicated by a locomotive engine of the defendant to land of one Davis adjacent to the defendant's railroad track. The fire by its own action and by the operation of natural causes spread and passed across the land of Davis to the land of the plaintiff, where the injury set forth in the complaint was done.

While the fire was burning on the land of Davis the track-foreman of the defendant, with men under him, commenced to extinguish it, which could easily have been accomplished. While the track-foreman and his men were so engaged, Davis came, and said he preferred that the bogs on his land should burn, if the fire was subdued elsewhere so that it could not spread. The fire then was extinguished elsewhere, and thereupon the track-foreman and his men left, leaving some of the bogs burning.

The court finds that the servants of the defendant were not prevented by Davis from extinguishing the fire, but that they supposed, as Davis did, that no injury could result if the fire was left in the bogs. In this however they were

disappointed, for the fire penetrated to the peat beneath the bogs and so spread to the plaintiff's land, which adjoined the land of Davis on the east. These facts are made the basis of the recovery of damages of the defendant by virtue of the provisions of a statute enacted in 1881, (Acts of that year, chap. 92,) the first section of which is as follows:— "Where any injury is done to a building or other property of any person or corporation, by fire communicated by a locomotive engine of any railroad corporation, without contributory negligence on the part of the person or corporation entitled to the care and possession of the property injured, the said railroad corporation shall be held responsible in damages to the extent of such injury to the person or corporation so injured; and any railroad corporation shall have an insurable interest in the property for which it may be so held responsible in damages along its route, and may procure insurance thereon in its own behalf."

Aside from the effect of the interposition of Davis, which we will presently consider, it is obvious that the facts are ample to bring the case within the provisions of the statute. The right of the plaintiff to recover is not dependent at all upon any negligence on the part of the defendant as at common law, nor is it material that the fire was not directly communicated to the plaintiff's land, but reached it through the intervening land of another.

In *Perley* v. *The Eastern R. R. Co.*, 98 Mass., 99, under a similar statute, the sparks from the locomotive engine first set fire to the grass in the open field near by, which spread over the premises of several different owners to the plaintiff's wood lot half a mile distant, where the injury was done for which the railroad company was held liable.

Such a construction of our statute the defendant does not seek to controvert, but relies solely on the principle that the intervention of the independent act of Davis between the act of the defendant complained of and the injury to the plaintiff, constitutes in law the proximate cause of the injury, and that therefore the act of the defendant is too remote.

This introduces us to a realm of law abounding in nice distinctions, which however need not be particularly discussed. The general principle which the defendant invokes is established by a strong array of authorities, but the facts as found by the court would seem to forbid its application to the present case.

In the first place, it is difficult to discover in the independent act of Davis a sufficient power to stand as the cause of the injury. It is not pretended that he contributed any new force or power whatever to modify the result of the original act. The argument is merely that he adopted the fire as his own, but in so doing he did nothing to increase or extend it, but simply let it alone, so that the original cause was allowed to work out its natural consequences. Then too this adoption of the fire was a matter confined to Davis and the defendant, and was voluntarily assented to by the latter. How then could it relieve the defendant of a primary liability which the law imposes in favor of third persons? Could the defendant delegate its duty to another and thereby escape liability? If the servants of the defendant were obliged by law to leave the premises of Davis upon his suggestion before the fire was extinguished, it might well be contended that a new power had intervened which made the act of the defendant too remote. But nothing of this kind happened. The finding says that Davis did not prevent the extinguishment of the fire. Whether he could have done so rightfully we are not now called upon to determine.

In making the railroad corporations insurers against the consequences of fire communicated by their locomotive engines, the law implies in them the right and duty to put it out when communicated.

We know that under the general police power of a state and by the law of overruling necessity private property during a fire may be destroyed to prevent the spreading of a conflagration. Whether this principle would allow a railroad corporation to enter upon land against the will of the owner to extinguish a small fire which under the circum-

stances did not at the time appear to be threatening to other property, may admit of some question, which we will not now attempt to solve. It will suffice for the purposes of this case that there was no prohibition at all. Assuming that the statute is valid, it makes railroad corporations insurers of all the property along the road liable to be burned by the running of locomotive engines. As soon as a fire is thus kindled the duty arises to prevent its spreading to other adjoining lands. The obligation is very different from that of the landowner at common law, who is liable only for the consequences of his negligence as to fire which he kindles on his own land.

The railroad corporation is bound at all hazards to prevent the fire from spreading, and is liable inevitably unless there is contributory negligence on the part of the landowner. Now the duty which the defendant owed the plaintiff could not be excused by an arrangement made with a third person without the plaintiff's consent. One may part with his rights, but can never cancel his duties without the consent of those to whom they are due.

For these reasons we think the intervention of Davis was not sufficient to break the connection between the act of the defendant complained of and the resulting injury to the plaintiff for which this suit is brought.

There was no error in the judgment complained of.

In this opinion the other judges concurred.